| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)** | |
| **JONATHAN L. BENDER, P.C.**<br>Jonathan L. Bender (JLB 4147)<br>385 Kings Highway North<br>Cherry Hill, New Jersey 08034<br>(856) 667-1669<br>Attorney for Creditor Isaac Neger | |
| In re:<br><br>HERSCH GOLDSTEIN,<br><br>                    Debtor. | Chapter 13<br>Case No. 22-15671 (MBK)<br><br>Judge: Hon. Michael B. Kaplan |
| ISAAC NEGER,<br>                    Plaintiff,<br><br>      v.<br><br>HERSCH GOLDSTEIN and<br>HENNIE GOLDSTEIN,<br><br>                    Defendants. | Adv. Pro. No. 23-1037 |

## **CONSENT ORDER**

The stipulation and relief set forth on the following pages, numbered two (2) through seven (7), is hereby **ORDERED**.

Page:        2
Debtor:      Hersch Goldstein
Case No.:    22-15671 (MBK)
Adv. Pro. No. 23-01037-(MBK)
Caption:     Consent Order

---

## STIPULATION AND ORDER OF SETTLEMENT

Plaintiff **Isaac Neger** and Defendants **Hersch Goldstein** (the "Debtor") and **Hennie Goldstein** (the "Spouse") (each a "Party" and collectively the "Parties") have resolved the controversies and differences between them in the above captioned matter, and wish to enter into this Stipulation and Order of Settlement (this "Settlement") on the terms set forth below:

## RECITALS

**WHEREAS**, on April 15, 2021, Neger obtained a judgment against the Debtor in the amount of $225,000, plus lawful pre-judgment and post-judgment interest (the "Judgment"), in an action filed in the Superior Court of New Jersey, Ocean County (Case No. OCN-L-507-21; the "Collection Suit"); and

**WHEREAS**, on April 15, 2021, Neger also obtained a judgment in the Collection Suit against Joel M. Goldstein and Aryeh Tours, LLC d/b/a Deluxe Retreats (the "Other Judgment Debtors"); and

**WHEREAS**, on April 16, 2021, Neger recorded the Judgment as a statewide lien on the Debtor's real estate in New Jersey (the "Judgment Lien"); and

**WHEREAS**, at the time of the Judgment, the Debtor was the fee simple owner of the real property located at 193 Ashdown Forest Lane, Toms River, New Jersey 08755 (the "Property") and held a 100% interest therein; and

**WHEREAS,** on or about June 1, 2021, the Debtor conveyed a 50% interest in the Property to Spouse (the "Transfer"); and

**WHEREAS**, on July 18, 2022 (the "Petition Date"), the Debtor filed a Chapter 13 petition (the "Petition") in the above-captioned bankruptcy matter (the "Bankruptcy"); and

**WHEREAS**, Schedule A of the Petition listed the Property's value at $500,000; and

**WHEREAS**, Schedule D of the Petition listed a mortgage recorded prior to the Judgment Lien with a balance of $348,000; and

**WHEREAS**, Schedule F of the Petition listed Neger as an unsecured creditor with a claim of $180,000; and

Case 22-15671-MBK    Doc 35    Filed 02/08/23    Entered 02/08/23 14:29:05    Desc Main
Document    Page 3 of 9

Page:        3
Debtor:      Hersch Goldstein
Case No.:    22-15671 (MBK)
Adv. Pro. No. 23-01037-(MBK)
Caption:     Consent Order

**WHEREAS**, on July 21, 2022, the Debtor filed a proposed Chapter 13 Plan in the Bankruptcy (the "Plan"), which treated Neger's claim as fully unsecured; and

**WHEREAS**, at the Creditor's Meeting on August 18, 2022, the Debtor stated that the Property's value was $467,000; and

**WHEREAS**, on August 18, 2022, Neger obtained an independent appraisal estimating the Property's value at $750,000; and

**WHEREAS**, Neger filed a Proof of Claim (the "POC") on August 22, 2022, and amended it (not as to the amount) on August 29, 2022; and

**WHEREAS**, Neger's POC stated that as of the Petition Date, the amount due on the Judgment, including lawful interest and a credit for all payments received, totaled $235,089.21 (the "Claim"); and

**WHEREAS**, Neger's POC stated that the Claim was fully secured by the Judgment Lien; and

**WHEREAS**, on August 19, 2022, the Standing Chapter 13 Trustee (the "Trustee") filed objections to the Plan, including an objection that the Transfer appeared to be a fraudulent conveyance; and

**WHEREAS**, on August 29, 2022, Neger filed objections to the Plan (the "Objections"), which incorporated the Trustee's objections and stated, inter alia, that the Debtor filed the Petition and proposed the Plan in bad faith; that the Debtor undervalued the Property and his equity therein; that Neger's Claim was fully secured; that the Plan failed to recognize Neger's lien and pay him the full value of his secured claim or surrender the Property securing it; and/or that the Plan provided less to unsecured creditors than they would receive in Chapter 7; and

**WHEREAS**, on or about October 20, 2022, the Debtor obtained an appraisal estimating the Property's value at $615,000; and

**WHEREAS**, the Debtor has asserted that Neger's secured claim, if any, is limited by the Debtor's non-exempt equity in his 50% ownership interest in the Property; and

**WHEREAS**, Neger has commenced the above adversary proceeding against the Debtor and Spouse (the "Adversary Proceeding"), alleging that the Transfer is fraudulent and/or voidable pursuant to the New Jersey Uniform Fraudulent Transfer Act, now the New Jersey Uniform Voidable Transactions Act, *NJSA* 25:2-20, *et seq. (*the "Act"); and

Page: 4
Debtor: Hersch Goldstein
Case No.: 22-15671 (MBK)
Adv. Pro. No. 23-01037-(MBK)
Caption: Consent Order

---

**WHEREAS**, Neger has alleged that the Transfer is subject to avoidance to the extent necessary to satisfy his Judgment Lien, pursuant to the Act, along with such other relief set forth in his Adversary Complaint; and

**WHEREAS**, the Debtor and Spouse have asserted that the Transfer is not fraudulent and/or voidable pursuant to the Act, and is not subject to avoidance pursuant thereto; and

**WHEREAS**, in order to avoid further expense and protracted litigation to the extent practicable, the Parties have agreed to enter into this Stipulation, and hereby consent to the terms and conditions set forth below.

**NOW THEREFORE**, for good and valuable consideration, the receipt and sufficiency of which the Parties acknowledge, the Parties hereby agree as follows:

## STIPULATION

1. The foregoing Recitals are incorporated into the operative portions of this Stipulation as if fully set forth herein.

2. This Stipulation is subject to the entry of an Order directing the settlement and relief set forth herein, which shall be a condition precedent to its effectiveness. If the Court does not enter such an Order, this Stipulation shall be null and void, Neger shall continue to assert his Objections to the Plan, and the Parties shall otherwise revert to the status quo ante.

3. Neger's Claim is hereby recognized as secured for the full amount set forth in his POC (his "Recognized Secured Claim").

4. In full settlement of Neger's Judgment and Recognized Secured Claim, the Debtor shall pay Neger the sum of $165,000 (the "Settlement Amount") outside the Plan as set forth in the attached **Schedule A** and on the terms set forth herein.

5. Neger hereby withdraws his Objections to the Plan.

6. For each payment, the Debtor shall deliver a check, money order or wire transfer to Neger, at such address or to such account as Neger shall require.

7. Unless the Debtor is in breach hereunder, Neger shall take no action to execute on the Judgment as against the Debtor or the Other Judgment Debtors.

Case 22-15671-MBK    Doc 35    Filed 02/08/23    Entered 02/08/23 14:29:05    Desc Main
Document    Page 5 of 9

Page:         5
Debtor:       Hersch Goldstein
Case No.:     22-15671 (MBK)
Adv. Pro. No. 23-01037-(MBK)
Caption:      Consent Order

8. If the Debtor pays the Settlement Amount in accordance with the terms hereof, Neger shall provide the Debtor with a Warrant to Satisfy the Judgment in the Collection Suit and shall dismiss the Adversary Proceeding.

9. The Debtor shall strictly comply with the terms of this Stipulation. The Debtor acknowledges that TIME IS OF THE ESSENCE with respect to each payment, and failure to make payment on or before its due date shall constitute a material breach hereunder.

10. The Debtor further acknowledges that failure of any checks to clear shall also constitute a material breach hereunder.

11. If the Debtor defaults on any payments or otherwise breaches his obligations hereunder, Neger shall retain his Judgment, Judgment Lien and Recognized Secured Claim for the full amount, less credit for any payments received, and shall be entitled to the following relief by filing a proposed Order with the Court and an ex parte Certification or Affidavit setting forth the breach:

- granting Neger judgment against the Debtor and Spouse in the Adversary Proceeding for the relief sought therein;

- granting Neger relief from the automatic stay provisions of 11 USC §362(a) (the "Automatic Stay") to execute on his Judgment and/or otherwise enforce any rights available at law or equity;

- granting Neger, in the event of future bankruptcy filings by the Debtor and/or Spouse, prospective relief from the Automatic Stay to execute on his Judgment and/or otherwise enforce any rights available at law or equity; and

- prohibiting the Debtor, Spouse and/or trustee from avoiding or modifying Neger's Judgment Lien in the current or any future bankruptcies.

12. No failure or delay by Neger in exercising any rights shall operate as a waiver.

13. The Parties consent to the continuing jurisdiction and venue of the above Court to implement the provisions hereof and/or enter any judgment or Orders in connection herewith. The Parties specifically agree not to seek any remedies, protection or other relief from any rabbinic forum in connection with the issues referenced herein.

14. This Stipulation shall bind the Parties and their respective successors and assigns.

15. This Stipulation sets forth the entire agreement between the Parties and supersedes

Page: 6
Debtor: Hersch Goldstein
Case No.: 22-15671 (MBK)
Adv. Pro. No. 23-01037-(MBK)
Caption: Consent Order

---

any and all prior agreements and understandings between them, written or oral, pertaining to the subject matter hereof.

16. This Stipulation shall be governed by, interpreted, construed and enforced in accordance with the laws of the State of New Jersey, without giving effect to the conflicts of laws principles thereof.

17. No part of this Stipulation shall be construed against any Party due to the identity of the drafter. The Parties acknowledge that this is the product of informed negotiations, that it involves mutual compromises and that each has had opportunity to confer with counsel.

18. This Stipulation may not be amended, altered and/or modified except by a writing signed by the Party against whom enforcement is sought.

19. If any Party to this Stipulation is a corporate entity, each undersigned represents that he has authority to enter this Stipulation and execute it on his Party's behalf

20. This Stipulation may be executed in counterparts, and facsimile signatures shall be deemed an original.

[*Remainder of page intentionally left blank*]

Page:       7  
Debtor:     Hersch Goldstein  
Case No.:   22-15671 (MBK)  
Adv. Pro. No. 23-01037 (MBK)  
Caption:    Consent Order

---

**IN WITNESS WHEREOF**, this Settlement has been executed as of the date indicated below.

Dated: February 6, 2023

*/s/ Isaac Neger*
_____     _____  
Isaac Neger                          Hersch Goldstein


_____  
Hennie Goldstein

Page:         7
Debtor:       Hersch Goldstein
Case No.:     22-15671 (MBK)
Adv. Pro. No. 23-01037 (MBK)
Caption:      Consent Order

---

**IN WITNESS WHEREOF**, this Settlement has been executed as of the date indicated below.

Dated: February 6, 2023

_____        _____
Isaac Neger                            Hersch Goldstein

                                       _____
                                       Hennie Goldstein

7

# Schedule A

| Settlement Amount | Payment Date | Payment Amount |
|---|---|---|
| $165,000.00 | 2/28/23 | $4,583.33 |
| | 3/28/23 | $4,583.33 |
| | 4/28/23 | $4,583.33 |
| | 5/28/23 | $4,583.33 |
| | 6/28/23 | $4,583.33 |
| | 7/28/23 | $4,583.33 |
| | 8/28/23 | $4,583.33 |
| | 9/28/23 | $4,583.33 |
| | 10/28/23 | $4,583.33 |
| | 11/28/23 | $4,583.33 |
| | 12/28/23 | $4,583.33 |
| | 1/28/24 | $4,583.33 |
| | 2/28/24 | $4,583.33 |
| | 3/28/24 | $4,583.33 |
| | 4/28/24 | $4,583.33 |
| | 5/28/24 | $4,583.33 |
| | 6/28/24 | $4,583.33 |
| | 7/28/24 | $4,583.33 |
| | 8/28/24 | $4,583.33 |
| | 9/28/24 | $4,583.33 |
| | 10/28/24 | $4,583.33 |
| | 11/28/24 | $4,583.33 |
| | 12/28/24 | $4,583.33 |
| | 1/28/25 | $4,583.33 |
| | 2/28/25 | $4,583.33 |
| | 3/28/25 | $4,583.33 |
| | 4/28/25 | $4,583.33 |
| | 5/28/25 | $4,583.33 |
| | 6/28/25 | $4,583.33 |
| | 7/28/25 | $4,583.33 |
| | 8/28/25 | $4,583.33 |
| | 9/28/25 | $4,583.33 |
| | 10/28/25 | $4,583.33 |
| | 11/28/25 | $4,583.33 |
| | 12/28/25 | $4,583.33 |
| | 1/28/26 | $4,583.45 |
| | total | $165,000.00 |